HENRY G. SLATMYER ET AL. V. W. J. SPRINGBORN ET AL.

1. SECTION 216, PAR. 4, 96 O. L. 88, UNCONSTITUTIONAL.

The act of October 22, 1903 (96 O. L. 20, known as the new municipal code), being an act of a general nature, the provisions of Sec. 26, Art. 2 of the constitution require that it shall have a uniform operation throughout the state; but inasmuch as it is provided by Sec. 216 of this act that after the first Monday of May, 1903, boards of public service shall have control of market houses and the constitution of all public works and authority to appoint a board for the construction of market houses in all the cities of the state except Cleveland, this portion of the act, exempting from its operation for an indefinite time members of the market house commission appointed under the provisions of the act of April 26, 1898 (93 O. L. 668), and which applied to Cleveland alone, cannot have a uniform operation throughout the state, and, therefore, is invalid.

2. MARKET HOUSE COMMISSIONERS APPOINTED UNDER INVALID ACT NOT ENTITLED TO OFFICE UNDER SUBSEQUENT INVALID ACT.

Market house commissioners appointed under an act that was in violation of Sec. 26, Art. 2 of the constitution because, although upon a subject matter of a general nature, its operation was limited to a single city, and conferring upon them no legal right to act as such, cannot, by virtue of a subsequent act limited in its application to the same city, and, therefore, coming within the same constitutional inhibition, be entitled to continue in the performance of the duties of the commission.

3. RESOLUTION CONTINUING OLD OFFICERS IN OFFICE TEMPORARY ONLY.

A resolution adopted by the board of public service, continuing in office all officers and employes theretofore appointed in connection with any department or division of the city government, and providing that the "division and organization * * * existing * * * in all such work shall be maintained and shall continue until the same shall be changed in accordance with law," does not have the effect of a permanent appointment, but is temporary only until the board of public service could take proper con-

Slatmyer v. Springborn.

trol of the various matters entrusted to them under the new code, and when the board subsequently takes action discontinuing all further action by a market house commission appointed under the unconstitutional act of April 26, 1898 (93 O. L. 668), and requiring all matters and property in their hands to be turned over to such board, the authority and power of said commission immediately ceased.

APPEAL by defendants.

**J. C. Hutchins** and **Goulder, Holding & Masten,** for plaintiffs.

**Newton D. Baker,** city solicitor, for defendants:

The "market house commission act" of April 26, 1898 (93 O. L. 668, Sec. 2581-1 Rev. Stat.) a special act conferring corporate power. State v. Jones, 66 Ohio St. 453, 488 [64 N. E. Rep. 424; 90 Am. St. Rep. 592]; Horstman v. Street Ry. Co. 13 Dec. 670; State v. Beacom, 66 Ohio St. 491 [64 N. E. Rep. 427; 90 Am. St. Rep. 599].

Subject of the erection of market houses one of a general nature, and the power to build such houses is "corporate power." State v. Spellmire, 67 Ohio St. 77 [65 N. E. Rep. 619]; State v. Pugh, 43 Ohio St. 98 [1 N. E. Rep. 439].

Exercise of appointing power by general assembly. State v. Pugh, 43 Ohio St. 98, 99 [1 N. E. Rep. 439]; State v. Jones, 66 Ohio St. 453 [64 N. E. Rep. 424; 90 Am. St. Rep. 592].

Principle upon which curative acts may be passed. Cooley, Const. Lim. (5 ed.) 455 *et seq.;* Dillon, Mun. Corp. (4 ed.) Sec. 76; Horstman v. Railway Co. 13 Dec. 670.

**MARVIN, J.**

The plaintiffs in their petition set out that they were severally appointed members of the market house commission of the city of Cleveland on August 12, 1901, by the mayor of said city, and together they constitute such commission by virtue of such appointment.

They severally subscribed to a prescribed oath of office to honestly and faithfully perform their duties as members of such commission, and they gave bonds as required by law, which bonds were duly approved by said mayor, and they thereafter entered upon the performance of their duties as said commission, and since said time have been acting as said market house commission.

The defendants, W. J. Springborn, Daniel E. Leslie and Harris R. Cooley, are the duly elected, qualified and acting board of public service of said city of Cleveland. The defendants claim as such board of public service to have the right to interfere with the performance of any duties by said plaintiffs as such market house commission, and, unless restrained by the order of the court, will take possession of all the property, books,

papers, documents, muniments of title, money and property of every kind, sort and description in the hands of the plaintiffs relating to the erection of a market house in said city of Cleveland, and will wholly prevent the plaintiffs from performing any duties as such commission.

To this petition the defendants filed a general demurrer.

By leave of the court the plaintiffs, after the case was appealed to this court, filed an amendment to their petition, in which they set up a certain resolution adopted by the defendants as such board of public service, and the demurrer already mentioned is here treated as a demurrer to the petition as amended, the case being submitted upon the petition as amended, and the demurrer.

The plaintiffs were appointed as members of this commission by virtue of Sec. 2581-1 Rev. Stat., passed on April 26, 1898 (93 O. L. 668). This section provided for the appointment by the mayor of a market house commission consisting of three members, who shall serve for the period of five years and until their successors are appointed and qualified. This statute was repealed by the new municipal code passed October 22, 1902 (96 O. L. 101). The purpose of the enactment of the present municipal code, which was done at an extraordinary session of the legislature called together expressly for the purpose of passing such a code for the organization and government of municipalities as should have a uniform operation throughout the state, and avoid that classification which had before existed and which had been recently declared by the Supreme Court to be obnoxious to the constitution. By the terms of the act itself, the new code, so far as it repealed existing laws, and for all purposes having any bearing on the case under consideration, took effect on the first Monday in May, 1903. Unless then by reason of some other provision of the act, or some other fact to be hereafter considered the plaintiffs still hold their positions, they ceased to be members of the market house commission on that date.

Whatever rights the plaintiffs have to hold their positions claimed by them as members of the market house commission, and as constituting such commission, they have by virtue of Sec. 216 of the municipal code (96 O. L. 88), passed October 22, 1902, or by virtue of a resolution adopted by the board of public service of the city adopted on May 4, 1903.

Taking up, first, the provision of the statute referred to, by 96 O. L. 66, Sec. 138, of the act, a department of public service for all cities is created, to be administered by either three or five directors, as may be determined by the council, these directors to organize as a board to be known as the "board of public service."

By 96 O. L. 66, Sec. 139, it is provided that:

Slatmyer v. Springborn.

"The directors of public service shall be the chief administrative · auⁱ thority of the city, and shall manage and supervise all public works and all public institutions, except where otherwise provided in this act."

Act 96 O. L. 66, Sec. 140, provides that:

"The directors of public service shall supervise the improvement and repair of  *  *  *   market houses,  *  *  *  and the construction of all public improvements and public works, except as otherwise provided in this act."

Act 96 O. L. 66, Sec. 141, gives the management of all market houses to the directors of public service.

Act 96 O. L. 68, Sec. 145, provides that:

"The directors of public service may employ such  *  *  *  persons, as may be necessary for the execution of the powers and duties of this department, and may establish such subdepartments for the administration of affairs under said directors as may be deemed proper."

One of the provisions of 96 O. L. 88, Sec. 216, is in these words:

"Provided, further, that whenever any city has in contemplation or in process of construction, any market house or houses, or public hall in connection therewith, the directors of public service may provide for the employment of three citizens of such city, to be named by them, who shall constitute a commission, which shall have power, subject to the approval of the directors of public service, to contract, in the name of such city, for and supervise the building and furnishing of, any market house or houses or public hall in connection therewith, for such city."

A further provision of said 96 O. L. 88, Sec. 216 (and this is the provision under which the plaintiffs claim their right to maintain this action) is in these words:

"Provided, further, that any person or persons heretofore appointed pursuant to the provisions of an act entitled  *  *  *  'An act relating to market houses in cities of the second grade of the first class,' passed April 26, 1898 (93 O. L. 668), or by whatever authority for the pur- pose provided herein, shall continue to act for the purposes for which he or they were appointed, with the power herein granted and no others, until the completion of the improvement in connection with which they were appointed."

The statute under consideration is entitled "an act to provide for the organization of cities and incorporated villages," etc.

Section 6, Art. 13 of the constitution provides that "The general assembly shall provide for the organization of cities, and incorporated villages, by general laws," etc.

It seems clear, then, that this statute is an act of a general nature.

The section of the constitution just quoted shows that it must be, and the provisions of the act hereinbefore quoted or referred to are such that, even in the absence of the constitutional provision that acts for the org·nization of cities and villages shall be provided for by general laws, they are clearly of a general nature, except the last quotation made from 96 O. L. 88, Sec. 216.

In the case of Silberman v. Hay, 59 Ohio St. 582 [53 N. E. Rep. 258; 44 L. R. A. 264], in the opinion, on page 587, Judge Minshall says:

"It is well settled that the 'general nature' of a law must be determined by its subject matter; if this be general the law must be general."

We have, then, to consider an act of a general nature, and it being such an act, it must. by virtue of Sec. 26, Art. 2 of the constitution, have a uniform operation throughout the state. Unless it has such uniform operation it is obnoxious to this provision of the constitution.

The last quotation hereinbefore made from 96 O. L. 88, Sec. 216 of the act seems a plain declaration that the act shall not have uniform operation throughout the state. It is there provided that notwithstanding the earlier provisions of the act that the board of public service shall have control of market houses and the construction of all public works, and may appoint a board for the construction of market houses, still this shall not be the case in any city in which by virtue of an appointment under Sec. 2581-1 Rev. Stat. there has heretofore been a market house commission. There can be no such commission under such appointment in any city but the city of Cleveland.

In the case of Silberman v. Hay, *supra,* page 586, in speaking of an act general in its terms, but which can apply to no part of the state except Cuyahoga county, Judge Minshall says this:

"But, if its subject matter is not a proper subject of local legislation, this attempt to give it the form of a general law, can be of no avail, as has been frequently decided by this court. It is manifestly a local law, intended to apply to Cuyahoga county, and can apply to no other."

And he also says, speaking of this statute:

"We entertain no doubt of the invalidity of this law."

What has already been quoted from the same opinion gives the reason why no such doubt was entertained by the court. The same reasoning applied to the clause of the statute now under consideration, and under which the plaintiffs claim their right to act as a market house commission, results in leaving no doubt of the invalidity of that clause of the statute. To hold otherwise would be to say that a law which

Slatmyer v. Springborn.

goes into effect in all parts of the state except the city of Cleveland in May, 1903, shall not go into effect in that city until an indefinite time in the future, has a uniform operation throughout the state. In all other cities, by virtue of this statute, if a market house is to be built the entire subject of such building is under the supervision of the board of public service and its appointees, and that from the day the statute went into effect. In the city of Cleveland it may be one year; it may be five years before the erection of a market house will be under the control of the same board as is provided for all the other cities of the state. This seems to us to completely settle the proposition that this provision is obnoxious to Sec. 26, Art. 2 of the constitution.

Another reason why it seems clear that the plaintiffs are not entitled to continue in the performance of the duties of a market house commission is that the statute under which they were appointed is clearly an act of a general nature relating to a subject which, in the nature of things, is general in the cities of the state, and yet that act confines its operations to cities of the second grade of the first class, of which there was but one at the time the statute was enacted, and therefore that act was invalid as being in contravention of the constitutional provision, that all acts of a general nature shall have a uniform operation throughout the state. This being true, the only possible ground on which the plaintiffs could be entitled to continue in the performance of the duties of a commission must be that, though they were appointed under an unconstitutional statute, such statute can be made valid and legal by the enactment of another unconstitutional statute. If the statute under which these plaintiffs were appointed was unconstitutional, then they were not at the time of the enactment of the municipal code members of and did not constitute a market house commission. That being true, we have this situation: That in all cities of the state except one the board of public service, from and after the first Monday in May, 1903, had full control of the erection of market houses, either by themselves or through persons appointed by them, yet in the city of Cleveland certain men not at the time the code was enacted having any legal right to act as a market house commission are by virtue of that code made a market house commission for the city of Cleveland alone. Surely, it would seem as though there can be no doubt that this would be in violation of the provision of the constitution already quoted.

It is possible that but for the recent decisions of the Supreme Court of the state a different conclusion might have been reached, and it might have been held that owing to the peculiar circumstances existing in the city of Cleveland at the time of the enactment of the statute of April 26,

1898 (93 O. L. 668), it was necessary that a commission should be appointed for that city which would not justify such appointment in the same way in any other city; but however that may be, the Supreme Court has decided in unmistakable terms that the efforts which have been made and to a greater or less extent permitted to prevail to avoid the provision of the constitution referred to will no longer be tolerated.

The only other authority under which the plaintiffs claim the right to continue as such market house commission is by reason of the adoption of a resolution by the board of public service, on May 4, 1903, in these words:

"BE IT RESOLVED by the board of public service that until further order of this board, all officers and employes heretofore appointed in connection with a department or division of the government of the city of Cleveland, and performing any functions which by the act of October 22, 1902, taking effect this fourth day of May, 1903, is placed under the authority, supervision and control of this board, shall continue in the employ of the city of Cleveland without further order under the designation heretofore attaching to said employment and at the salary heretofore paid therefor, and that the division and organization heretofore existing in all such work shall be maintained and shall continue until the same shall be changed in accordance with law. The object and purpose of this resolution being to legalize the employment of all persons now in the city's employ heretofore operating under any other authority as predecessor to this board, and to preserve the orderly conduct of the affairs of this city and the performance of all such public work as is under the care and maintenance and control of this board."

The only claim that can be made under this resolution is that the board of public service has appointed the plaintiffs to perform their duties as a market house commission by virtue of a provision of 96 O. L. 88, Sec. 216, hereinbefore quoted, which reads:

"Provided, further, that whenever any city has in contemplation or in process of construction, any market house or houses, or public hall in connection therewith, the directors of public service may provide for the employment of three citizens of such city, to be named by them, which shall constitute a commission," etc.

Clearly this resolution was not adopted by the board of public service with a view of making any appointments under this provision of the statute, but only that the affairs of the city in connection with their department should not fall into confusion until such time as they might in pursuance of the authority vested in them by the statute take control of the various matters entrusted to them, and the resolution itself provided

that those employes of the city referred to in the resolution were only to continue in their employment until the further order of the board; and the petition in this case shows that on June 19, 1903, a resolution was adopted by the board of public service discontinuing all action of the market house commission and requiring them to turn over to the board of public service all matters and property in their hands pertaining to the market house, and on June 20, 1903, the plaintiffs received notice from the board of public service of this action, so that, whatever authority they derived from the resolution of May 4 was ended by the resolution of June 19.

A peculiarity of the statute under consideration, which probably would not exist but for the want of time on the part of the legislature in preparing its several sections, is, that whereas, by Sec. 138, it is provided that the directors of public service shall organize a board of public service, yet in each of the sections following in which provision is made for the duties of such officers, instead of the term "board of public service" being used the language in each section is "the directors of public service." As has been said, this has no bearing on the case before us, but is noticeable in the consideration of the statute.

Entertaining these views, the demurrer to the petition is sustained.

The questions involved in this case are of such importance that if counsel for the plaintiffs so desire the judgment will be suspended until January 15, 1904, to give an opportunity for any application to the Supreme Court which the plaintiffs may desire.

**Hale** and **Winch, JJ.,** concur.